IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

                                      Case No. 4:96cr64-RH
vs.                                    Case No. 4:05cv309-RH/WCS

**DANIEL DALMAU,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON MOTION TO VACATE

    Through counsel, Defendant filed a "Request for Authorization to File a Delayed Rule 9 Motion to Vacate, Set Aside, and to Correct" his sentence under 28 U.S.C. § 2255, or for a new trial.  Doc. 146.  He also filed a § 2255 motion .  Doc. 147.

    Defendant challenges his sentence based on United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  See also, Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  Defendant asserts that his § 2255 motion "will satisfy the requirements of a delayed Rule 9 request and that lack of jurisdiction, able to be brought at any time, supercedes the mandates of the AEDPA." Doc. 147, attached "Delayed Rule 9 Motion," p. 2.

The § 2255 Rule 9 quoted by Defendant is no longer valid. *See* § 2255 Rule 9 (as amended effective December 1, 2004) (addressing only second or successive motions). Subsection (a), requiring prejudice to the Government due to delay in filing, was deleted as unnecessary in light of the one year limitations period of § 2255 as amended by the AEDPA (effective April 24, 1996). *See* § 2255 Rule 9 (Advisory Committee Notes to 2004 Amendments).

> The one year time limit for filing a § 2255 motion runs from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255.

Defendant filed an appeal but did not seek certiorari review. Doc. 147, p. 3. His conviction was affirmed on September 15, 1998. Doc. 128. His conviction became final 90 days later, when the time to file a petition for writ of certiorari expired. <u>Clay v. United States</u>, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) (if a petition is not filed, conviction becomes final when the 90 days, counted from the opinion rather than the mandate, expires). If the one year commenced from the date of finality under clause (1), therefore, the motion is untimely.

The other commencement date arguably applicable, for a "right . . . newly recognized by the Supreme Court" under clause (3), does not apply because the right has not been "made retroactively applicable to cases on collateral review."  Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (Blakely and Booker do not apply retroactively on collateral review); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002) (Apprendi does not apply retroactively on collateral review).[1]

Finally, Defendant's contention that his claim is jurisdictional and therefore may be brought at any time is not persuasive.  *See* United States v. Cotton, 535 U.S. 625, 629-632, 122 S.Ct. 1781, 1784-86, 152 L.Ed.2d 860 (2002) (omission of drug quantity from indictment in violation of Apprendi did not deprive trial court of jurisdiction, unpreserved claim could be corrected on appeal only on a showing of plain error); McCoy, 266 F.3d at 1249 (Apprendi error not a jurisdictional defect; finding "implicit confirmation" for this conclusion in cases applying plain error or harmless error review, a standard which does not apply to jurisdictional error); Booker, 125 S.Ct. at 769 ("we expect reviewing courts to apply ordinary prudential doctrines . . . for example, whether the issue was raised below and whether it fails the 'plain-error' test."); United States v. Duncan, 400 F.3d 1297, 1301-02 (11th Cir.), *cert. denied,* __ S.Ct. __, 2005 WL 2493971 (October 11, 2005) (applying plain error review to Booker claim, noting this language from Booker, and collecting cases applying plain error standard).

---

[1] *See also* Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005) (agreeing with the Sixth, Seventh, Tenth, and Eleventh Circuits that Booker is not retroactive) (citing Varela, other citations omitted); Lloyd v. United States, 407 F.3d 608, 615-616 (3d Cir. 2005) (joining the other circuits, collecting cases).

Case Nos. 4:96cr64-RH and 4:05cv309-RH/WCS

It is therefore respectfully **RECOMMENDED** that Defendant's motion to file delayed § 2255 motion (doc. 146) be **DENIED**, and that the § 2255 motion (doc. 147) be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on October 14, 2005.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:96cr64-RH and 4:05cv309-RH/WCS